IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

PAULA R. MCREYNOLDS                                              PLAINTIFF

vs.                          Civil No. 2:16-cv-02121-BAB

NANCY A. BERRYHILL                                              DEFENDANT
Acting Commissioner, Social Security Administration[1]

**MEMORANDUM OPINION**

Paula R. McReynolds ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking

judicial review of a final decision of the Commissioner of the Social Security Administration

("SSA") denying her claim for a period of disability and disability insurance benefits ("DIB") and

supplemental security income ("SSI") benefits under Titles II and XVI of the Social Security Act

("The Act").

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all

proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and

conducting all post-judgment proceedings. (ECF No. 5).[2] Pursuant to this authority, the Court issues

this memorandum opinion and orders the entry of a final judgment in this matter.

1.      **Background:**

Plaintiff protectively filed her disability application for DIB and SSI on August 19, 2011.

_____

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "ECF No. ___, p. ___."

1

(ECF No. 8, pp. 80-83).   In her applications, Plaintiff alleges being disabled due to chronic obstructive pulmonary disease ("COPD"), diabetes, bulging discs in her lower back and neck, depression, anxiety, and post-surgical problems of her left forearm.  (ECF No. 8, p. 169).  Plaintiff alleges an onset date of August 1, 2009.  (ECF No. 8, p. 165).  These applications were denied initially and again upon reconsideration.  (ECF No. 8, pp. 80-83).

Thereafter, Plaintiff requested an administrative hearing on her denied applications, and this hearing request was granted.  (ECF No. 8, p. 108).  After this hearing, on May 24, 2013, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI. (ECF No. 8, pp. 21-32).  Plaintiff subsequently filed an appeal with this Court.  *McReynolds v. Colvin*, No. 2:14-cv-02226, 2015 WL 3866773 (W.D. Ark. 2015). The May 24, 2013, decision of the ALJ was reversed and remanded for failure to properly analyze Plaintiff's subjective complaints in accordance with the requirements of *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984).  *Id.*

Plaintiff's second administrative hearing was held on November 3, 2015, in Fort Smith, Arkansas.  (ECF No. 8, pp. 1155-199).  Plaintiff was present and was represented by Iva Nell Gibbons.  *Id.*  Plaintiff and VE Larry Seifert testified at this hearing.  *Id.*  At the time of this hearing, Plaintiff was forty years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c); 20 C.F.R. § 416.963(c).  (ECF No. 8, p. 1158).  As for her level of education, Plaintiff earned a GED.  *Id.*

After this hearing, on February 4, 2016, the ALJ entered an unfavorable decision denying Plaintiff's applications for DIB and SSI.  (ECF No. 8, pp. 1129-146).  In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through March 31, 2014.  (ECF No. 8, p. 1135, Finding 1).  The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA")

2

since August 1, 2009, her alleged onset date.  (ECF No. 8, p. 1135, Finding 2).  The ALJ determined Plaintiff had the following severe impairments: "Musculoskeletal Disorder (Back Disorder, gegenerative disc disease) (7240); Respiratory Disorder (Chronic Pulmonary Insufficiency, COPD) (4960); Endocrine Disorder (Diabetes Mellitus) (2500); Special/Other Disorders (Obesity) (2780); and Mental Disorders (Affective Disorder, anxiety) (3000) and (Personality Disorder (3010).  (ECF No. 8, pp. 1135-136, Finding 3).  Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings").  (ECF No. 8, pp. 1136-138, Finding 4).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC").  (ECF No. 8, pp. 1139-144, Finding 5).  First, the ALJ evaluated Plaintiff's subjective complaints and found her claimed limitations were not entirely credible.  *Id.*  Second, the ALJ determined Plaintiff retained the RFC to perform:

> sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except as follows: [Plaintiff] can frequently lift and/or carry less than ten pounds, and occasionally ten pounds, sit for a total of six hours in an eight hour workday, and stand and/or walk for a total of at least two hours in an eight hour workday.  [Plaintiff] can occasionally climb, balance, crawl, kneel, stoop, or crouch.  [Plaintiff] can perform simple, routine, and repetitive tasks in a setting where interpersonal contact is incidental to the work performed.  [Plaintiff] can respond to supervision that is simple, direct, and concrete.  [Plaintiff] must avoid concentrated exposure to pulmonary irritants like dusts, odors, and gasses.

*Id*.

The ALJ then determined Plaintiff was unable to perform any Past Relevant Work ("PRW").  (ECF No. 8, p. 1144, Finding 6).  The VE testified at the administrative hearing regarding this issue.  (ECF No. 8, pp. 1193-198).  Based on Plaintiff's age, education, work experience, and RFC, the ALJ determined there were jobs existing in significant numbers in the national economy Plaintiff could

perform, such as a compact assembler, which has a DOT code of 739.687-066, with approximately five thousand (5,000) jobs in the national economy and approximately one hundred three (103) jobs in the state of Arkansas, as a semiconductor bonder, which has a DOT code of 726.685-066, with approximately five thousand four hundred one (5,401) jobs in the national economy and approximately seventy (70) jobs in the state of Arkansas, and as a printed circuit board checker, which has a DOT code of 726.684-110, with approximately one hundred five (105) jobs in the state of Arkansas. (ECF No. 8, pp. 1145-146, Finding 10). Because jobs exist in significant numbers in the national economy which Plaintiff can perform, the ALJ also determined Plaintiff had not been under a disability, as defined by the Act, from August 1, 2009, through February 4, 2016, the date of the ALJ's decision. (ECF No. 8, p. 1146, Finding 11).

On May 31, 2016, Plaintiff filed the present appeal with this Court. (ECF No. 1). The Parties consented to the jurisdiction of this Court on June 1, 2016. (ECF No. 5). This case is now ready for decision.

## 2.    **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *see* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *see Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *see*

4

*Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *see Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *see Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).  A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *see* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation.  He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity ("RFC") to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform.

5

*see Cox,* 160 F.3d at 1206;   20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).  The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *see* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

**3.    Discussion:**

In her appeal brief, Plaintiff raises the following six arguments for reversal: (1) the ALJ erred by failing to fully develop the record; (2) the ALJ erred by failing to consider evidence which fairly detracted from his findings; (3) the ALJ erred in assessing her credibility; (4) the ALJ erred in assessing the opinions of her physicians; (5) the ALJ erred in assessing her RFC; and (6) the ALJ erred at Step Five of the Sequential Evaluation Process.  (ECF No. 12).[3]

**A.    Development of the Record**

In the present case, the combination of medical evidence, State agency physician opinions, and the Plaintiff's own testimony were sufficient to assess Plaintiff's RFC.  The Eighth Circuit has held that an ALJ is not required to order a consultative evaluation of every alleged impairment; he simply has the authority to do so if the existing medical sources do not contain sufficient evidence to make an informed decision.  *see Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989).  The ALJ's failure to order such an evaluation only constitutes reversible error when such an evaluation was necessary for him to make an informed decision.  *see Gasaway v. Apfel*, 187 F.3d 840, 842 (8th Cir. 1999); *Freeman v. Apfel*, 208 F.3d 687, 692 (8th Cir. 2000).  An ALJ does not necessarily need

_____

[3] Defendant notes Plaintiff's brief is essentially identical to her prior brief filed on February 4, 2015, when this case was previously before this Court. (ECF No. 13, pp. 1-2); *see* Doc. 8. Plaintiff's Appeal Brief, 2:14-cv-02226-PKH-BAB). I concur with Defendant, that the two briefs are identical, but nevertheless examine Plaintiff's pleadings to the extent Plaintiff's arguments generally may be applied to the Commissioner's February 4, 2016, unfavorable decision.

the opinion of a consultative examiner to assess a claimant's RFC.  *see Page v. Astrue*, 484 F3d.

1040, 1043 (8th Cir. 2007) (the medical evidence, State agency physician opinions, and claimant's

own testimony were sufficient to assess RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir.

2004) (medical evidence, State agency physicians' assessments, and claimant's reported activities

of daily living supported the RFC).

Plaintiff argues that the ALJ failed to develop the record by not acquiring a Medical Source

Statement or RFC Assessment from Plaintiff's treating physicians.  The medical evidence, State

agency physician opinions, and Plaintiff's own testimony were sufficient to assess Plaintiff's RFC.

The ALJ is not required to gather a Medical Source Statement or RFC Assessment from Plaintiff's

treating physicians to make his own RFC determination.  *see Page v. Astrue*, 484 F.3d 1040, 1043

(8th Cir. 2007) (the medical evidence, State agency physician opinions, and claimant's own

testimony were sufficient to assess RFC); *Stormo v. Barnhart*, 377 F.3d 801, 807-08 (8th Cir. 2004)

(medical evidence, State agency physicians' assessments, and claimant's reported activities of daily

living supported RFC assessment).

The ALJ discussed the medical evidence from numerous treating physicians and the opinions

of the non-examining State agency consultants, and set forth the reasons for the weight given to the

opinions.  Plaintiff, moreover, has not pointed to any relevant evidence to argue that the ALJ would

have reached a different conclusion had another medical professional examined Plaintiff.

Furthermore, Plaintiff has not demonstrated that a failure to consult with another medical

professional resulted in any prejudice above and beyond receipt of an unfavorable decision in her

case.  *see Haley v. Massanari*, 258 F.3d 742, 749-50 (8th Cir. 2001).

### B.    Subjective Complaints and Credibility Analysis

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler,* 739 F.2d 1320 (8th Cir. 1984) or from 20 C.F.R. § 404.1529.[4]  *see Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions.  *see Polaski,* 739 at 1322.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain.  *see Id.*  The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints.  *see Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000).  As long as the ALJ properly applies these five factors and gives several valid reasons for finding that Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference.  *see Id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006).  The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]."  *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any

---

[4] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)."  However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors.  *see Shultz v. Astrue,* 479 F.3d 979, 983 (2007).  Thus, this Court will not require the analysis of these additional factors in this case.

inconsistencies, and discussing the *Polaski* factors. *see Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain Plaintiff experiences precludes the performance of substantial gainful activity. *see Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

The ALJ properly applied these factors articulated in *Polaski* and gave several good reasons for finding that Plaintiff's subjective complaints are not entirely credible. First, the ALJ noted Plaintiff was frequently non-compliant with prescribed treatment. (ECF No. 8, pp. 1142-143). For example, he discussed treatment notes from October 25, 2010, and February 8, 2011, where Plaintiff had stopped taking her medication, and evidence from June 20, 2012, which noted Plaintiff either failed to show up to or rescheduled her appointments seven times. (ECF No. 8, pp. 1140, 1142); (ECF No. 9, p. 9). Plaintiff, moreover, continued to smoke against medical advice. (ECF No. 8, pp. 1126, 1142-1143); *see Guilliams v. Barnhart*, 393 F.3d 798, 802 (8th Cir. 2005) ("A failure to follow a recommended course of treatment . . . weighs against a claimant's credibility"); *Lewis v. Barnhart*, 353 F.3d 642, 647 (8th Cir. 2003) ("Instead, Lewis's own actions discredit her disability allegations because she continues to smoke cigarettes daily and does not exercise"). The ALJ also determined Plaintiff persisted in her polysubstance abuse and that the record contained numerous examples of drug-seeking behavior. (ECF No. 8, pp. 1142-143); *see Anderson v. Shalala*, 51 F.3d 777, 780 (8th Cir. 1995) (drug-seeking behavior weighs against a claimant's allegations of disabling pain).

The ALJ also examined Plaintiff's activities of daily living. (ECF No. 8, pp. 1137). He noted Plaintiff was able to attend to her own personal hygiene and feed and dress herself, care for

her disabled minor child, leave the house alone, shop in stores, drive a car, manage her finances, prepare simple meals, perform some household chores, reside with family members, attend church services, manager her medical appointments, and visit with friends and maintain contact with others. *Id.* The ALJ did not entirely discount Plaintiff's subjective complaints. (ECF No. 8, p. 1141). For example, despite Plaintiff's extensive activities of daily living and engagement with others, the ALJ nevertheless limited Plaintiff's RFC to interpersonal contact which is incidental to the work performed and supervision that is simple, direct, and concrete. (ECF No. 8, pp. 1139-144).

I find substantial evidence supports the ALJ's credibility assessment and because the ALJ provided multiple valid reasons for discounting Plaintiff's subjective complaints, I defer to the ALJ's credibility determination. *see Leckenby v. Astrue*, 487 F.3d 626, 632 (8th Cir. 2007) (this Court defers to the ALJ's credibility determination when it is supported by good reasons and substantial evidence).

### C.    Medical Opinions

In the present case, Plaintiff has not pointed to any physician's opinion to contend whether the ALJ improperly afforded the opinion greater or lesser weight.  Rather, Plaintiff cites treatment records from individual treating physicians and states, "the diagnoses and treatment regimens of these doctors offer insight into their opinion." (ECF No. 12, p. 16).  I decline to speculate as to a physician's opinion when the physician has not specifically provided one. Any argument Plaintiff attempts to make with regard to the treatment records from Plaintiff's treating physicians is discussed thoroughly below as the evidence relates to Plaintiff's RFC.

### D.    RFC

RFC is the most a person can do despite that person's limitations.  20 C.F.R. §§ 404.1545.

A disability claimant has the burden of establishing his or her RFC.  *Vossen v. Astrue*, 612 F. 3d 1011, 1016 (8th Cir. 2010).  "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations."  *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009).  Limitations resulting from symptoms such as pain are also factored into the assessment.  20 C.F.R. §§ 404.1545(a)(3).  The United States Court of Appeals for the Eighth Circuit has held a "claimant's residual functional capacity is a medical question."  *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001).  Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

Plaintiff contends the ALJ failed to consider all of Plaintiff's impairments and resulting limitations in his RFC determination.  (ECF No. 12).  Specifically, Plaintiff attempts to argue the ALJ failed to consider Plaintiff's medications, fatigue, need to alternate sitting and standing, need to use a cane, her broken ankle and brace, an abnormality in her brain and resulting falls, her GAF scores, obesity, back pain, knee pain, joint pain, weakness, numbness, pain in her arms and legs, inability to relate with coworkers, inability to deal with the public, inability to deal with work stress, inability to concentrate, her attention or appearance, her ability to behave in an emotionally stable manner or relate predictably in social situations, and her anxiety and depression.  *Id.*  Plaintiff, moreover, also attempts to argue the ALJ failed to consider evidence which fairly detracted from his findings**.**

Plaintiff's argument is without merit.  The ALJ's decision specifically considered her

depression and anxiety severe impairments. (ECF No. 8, pp. 1135-136). The ALJ accounted for Plaintiff's mental impairments in his RFC determination by limiting Plaintiff to simple, routine, and repetitive tasks in a setting where interpersonal contact is incidental to the work performed and where supervision is simple, direct, and concrete. (ECF No. 8, pp. 1139-144). Furthermore, the ALJ determined Plaintiff's degenerative disc disease and obesity were severe impairments, and limited Plaintiff's RFC to work at the sedentary exertion level, further limited by only occasional climbing, balancing, crawling, kneeling, stooping, and crouching. *Id.* Plaintiff has offered no evidence to support her argument that any of the impairments she cites resulted in any further limitations than those contained in the ALJ's RFC determination. I note, however, that in formulating Plaintiff's RFC, the ALJ fully summarized all of Plaintiff's medical records and separately discussed each of her alleged impairments. Based on the ALJ's synopsis of Plaintiff's medical records and discussion of each of her alleged impairments, I conclude that the ALJ properly considered all of Plaintiff's impairments individually and in combination, even those which the ALJ determined were non-severe. *see Martise v. Astrue,* 641 F.3d 909, 924 (8th Cir. 2011). Based on examination of the record as a whole, I find substantial evidence supports the ALJ's RFC determination.

**E.     Step Five Analysis**

Plaintiff's argument with regard to the hypothetical questions to the VE are essentially a disagreement with the ALJ's RFC determination. After thoroughly reviewing the hearing transcript along with the entire evidence of record, I find that the hypothetical the ALJ posed to the VE fully set forth the impairments the ALJ accepted as true and which were supported by the record as a whole. *Goff v. Barnhart*, 421 F.3d 785, 794 (8th Cir. 2005). Accordingly, I find that the VE's opinion constitutes substantial evidence supporting the ALJ's conclusion that Plaintiff's impairments

did not preclude her from performing the duties of a compact assembler, semiconductor bonder, or printed circuit board checker. *Pickney v. Chater*, 96 F.3d 294, 296 (8th Cir. 1996) (testimony from vocational expert based on properly phrased hypothetical question constitutes substantial evidence).

4. **Conclusion:**

Based on the foregoing, the undersigned finds the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed.  A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 28th day of March 2017.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

13